UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARTON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOSIE GASTELO, et al.,<br><br>　　　　　Respondents. | No. 2:22-cv-0932 KJN P<br><br><br>ORDER |

  Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis.

  Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

  Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

The petition is unclear. Petitioner does not identify the name and location of the court in which he was convicted, and does not identify the nature of his conviction. Thus, the court is unable to determine whether venue is proper in this court. In addition, petitioner's answers are contradictory. He claims he was convicted on May 3, 2022, yet he claims he appealed his conviction, and the unidentified superior court denied his appeal on May 12, 2021. Then he claims the Eastern District of California reviewed his case and issued a decision on May 18, 2021. But he does not identify such case, or explain the nature of the decision. Petitioner also claims that he previously filed a petition in an unidentified United States District Court which issued findings and recommendations, but again he did not explain the nature of that court's findings. Also, he claims he "established [a] new petition" on October 18, 2021. Petitioner's conflicting dates preclude this court from properly screening the petition.

Moreover, petitioner cites one ground for relief, claiming his guilty plea was not voluntary, and that he is actually innocent. But petitioner includes no facts to support such claims, including no new facts demonstrating such actual innocence.

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must provide all of the information required on the court's form, support his claim for relief with specific facts and, if he has such evidence, submit evidence he claims demonstrates he is actually innocent.

Other Court Cases

That said, because this court addressed a prior habeas petition filed by petitioner, the undersigned is aware that petitioner has filed multiple habeas petitions in this court challenging his 1976 San Joaquin County conviction.[1] Petitioner was previously advised that "if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

the pending petition." Barton v. Gastelo, No. 2:22-cv-0616 KJN (E.D. Cal. May 11, 2022), citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).  At that time, petitioner's earlier habeas petition was pending in Barton v. Gastelo, No. 2:21-cv-1933 JDP (E.D. Cal.), so the undersigned ordered that a copy of the subsequent petition be filed in that case.  On May 16, 2022, it was recommended that the second amended petition filed in No. 2:21-cv-1933 JDP be dismissed without leave to amend.  Id. (ECF No. 12.)  The court found that petitioner was again challenging a conviction finalized in 1976, and therefore the petition was barred by the statute of limitations, and petitioner failed to allege facts or present any evidence establishing his actual innocence.  Id. (ECF No. 12 at 2.)[2]

In addition, petitioner has another habeas petition pending in this court, Barton v. Gastelo, No. 22-cv-0904 JDP (E.D. Cal. May 26, 2022), wherein petitioner again challenges his 1976 conviction from San Joaquin County, and alleges his guilty plea was not voluntary and he is actually innocent.  Id. (ECF No. 1.)

Therefore, if petitioner has new facts or has discovered new evidence to demonstrate his actual innocence in connection with his San Joaquin County conviction, he should seek leave to amend in his earlier case, No. 2:21-cv-1933 JDP, rather than file an amended petition in this action.  If petitioner is challenging a different conviction, he should file in this action an amended petition setting forth all of the facts required on the court's form.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[3]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition," and be filed on the court's form petition; and

---

[2] An earlier-filed petition for habeas relief was denied for the same reasons.  Barton v. Beddick, No. 2:19-cv-0148 MCE DMC P (E.D. Cal. April 1, 2021).

[3] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

1. 4. The Clerk of the Court shall send petitioner the form for filing a petition for writ of habeas corpus.

Dated: June 9, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bart0932.114