UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARTON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOSEI GASTELO, et al.,<br><br>　　　　　Respondents. | No. 2:22-cv-0932 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding pro se and in forma pauperis. On June 9, 2022, petitioner was ordered to file an amended petition. Petitioner's June 27, 2022 amended petition is now before the court. As discussed below, it is recommended that this action be dismissed.

Amended Petition

Petitioner challenges his March 2, 1976 conviction on two counts of homicide for which he was sentenced to two consecutive terms of five years to life. (ECF No. 8 at 1.) Petitioner raises two claims. His first claim is unclear, but it appears he challenges the judge's finding of guilt, claiming petitioner needed a jury trial. (ECF No. 8 at 4.) In his second claim, petitioner contends he was forced to plead guilty. (Id.)

The Petition is Untimely

Petitioner was convicted in 1976. In an earlier action, Barton v. Beddick, No. 2:19-cv-0148 MCE DMC (E.D. Cal.), petitioner also challenged his 1976 conviction, claiming his guilty

////

1

1  plea was not knowing or voluntary, and that he is actually innocent.[1]  Petitioner did not appeal his
2  conviction and sentence to the state appellate court; state trial court proceedings concluded on
3  March 2, 1976, and petitioner's conviction became final on May 1, 1976.  Id. (ECF No. 42 at 4.)
4  Thus, the statute of limitations began running on April 25, 1996, the day after the statute of
5  limitations became effective.  Petitioner filed no post-conviction challenges in state court, and the
6  limitations period expired on April 24, 1997.  Id.  The court found the petition was untimely by
7  over two decades, and granted respondent's motion to dismiss the petition as untimely.  Id. (ECF
8  No. 43, adopting ECF No. 42.)  Petitioner's challenge to his 1976 conviction is duplicative of his
9  petition in Barton v. Beddick, No. 2:19-cv-0148 MCE DMC (E.D. Cal.), and therefore should be
10 dismissed.

11 Construe as Amended Petition in Earlier Action Still Pending?

12      It is established that if a new petition is filed when a previous habeas petition is still
13 pending before the district court without a decision having been rendered, then the new petition
14 should be construed as a motion to amend the pending petition.  Woods v. Carey, 525 F.3d 886,
15 888 (9th Cir. 2008).  As explained below, the undersigned declines to do so in this case.

16      Petitioner was convicted in 1976, well beyond the one-year statute of limitations
17 governing habeas petitions filed in federal court.  This was spelled out for petitioner in his earlier
18 action, Barton v. Gastelo, No. 2:21-cv-1933 JDP (HC) (E.D. Cal. May 16, 2022), where the
19 magistrate judge set forth the standards governing the statute of limitations, fully explained the
20 narrow exceptions to such limitations, and then provided petitioner an opportunity to amend and
21 to explain why his case should proceed.  Id. (ECF Nos. 9, 12.)  Petitioner failed to do so, and it
22 was recommended on May 16, 2022, that the petition be dismissed without leave to amend.  Id.
23 (ECF No. 12.)

24      In Barton v. Peterson, No. 2:22-cv-0616 TLN KJN (E.D. Cal.), the undersigned
25 previously ordered another petition challenging petitioner's 1976 conviction to be filed as an

---

[1] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

2

1  amended petition in 2:21-cv-1933 JDP (HC).  On May 11, 2022, the undersigned recommended
2  that the action be dismissed without prejudice because the petition was duplicative of No. 2:21-
3  cv-1933 JDP (HC).  The case is presently pending.
4      Petitioner has another habeas case pending:  <u>Barton v. Gastelo</u>, No. 2:22-cv-0904 JDP
5  (E.D. Cal.), which has not yet been screened, but again challenges his 1976 conviction, claiming
6  his guilty plea was not voluntary, and stating he is innocent.  <u>Id.</u> (ECF No. 1.)  The claims raised
7  in the instant petition, even assuming they were timely raised, are subsumed within the petition
8  filed in No. 2:22-cv-0904 JDP because at bottom they all challenge whether or not petitioner's
9  1976 guilty plea was knowing and voluntary.
10      Finally, in the June 9, 2022 order filed herein, petitioner was cautioned that:

> if petitioner has new facts or has discovered new evidence to demonstrate his actual innocence in connection with his San Joaquin County conviction, he should seek leave to amend in his earlier case, No. 2:21-cv-1933 JDP, rather than file an amended petition in this action.  If petitioner is challenging a different conviction, he should file in this action an amended petition setting forth all of the facts required on the court's form.

15  <u>Id.</u> (ECF No. 7 at 3.)  Rather than comply with the court's order, petitioner again filed a habeas
16  petition challenging his 1976 conviction.
17      For all of the above reasons, the undersigned declines to recommend that the instant
18  amended petition be filed in petitioner's other pending habeas cases:  No. 2:21-cv-1933 JDP
19  (HC), No. 2:22-cv-0616 TLN KJN, or 2:22-cv-0904 JDP.
20  <u>Warning</u>
21      Since petitioner filed his habeas petition in No. 2:19-cv-0148 MCE DMC, petitioner has
22  filed ten additional habeas petitions challenging his 1976 conviction.  Petitioner is cautioned that
23  if he continues to file duplicative petitions, he may be subject to adverse consequences, including
24  possible sanctions or a finding that he is a vexatious litigant, which will limit his access to this
25  court.[2]

---

[2]  Federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances."  <u>Ringgold-Lockhart v. County of Los Angeles</u>, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting <u>DeLong v. Hennessey</u>, 912 F.2d 1144, 1147 (9th Cir. 1990)).  "Flagrant abuse of the judicial process cannot be tolerated because it enables one

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

Further, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed as duplicative.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 1, 2022

/bart0932.dup.wrn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." DeLong, 912 F.3d at 1148; see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  Thus, the court may issue an order declaring a litigant to be a vexatious litigant and require the litigant to seek permission from the court prior to filing any future suits.  See Weissman v. Quail Lodge Inc., 179 F.3d 1194, 1197 (9th Cir. 1999); DeLong, 912 F.2d at 1146-47.